Lu v. Lynch

BIA
A077 920 919

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

MING LU,
> *Petitioner,*

v.                                              15-1856
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Chunyu Jean Wang, Flushing, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Siu P. Wong, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Lu, a native and citizen of the People's Republic of China, seeks review of a June 5, 2015, decision of the BIA denying his motion to reopen. *In re Ming Lu,* No. A077 920 919 (B.I.A. June 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's denial of Lu's motion to reopen for abuse of discretion, and its factual findings regarding country conditions under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Lu's 2015 motion to reopen was untimely because it was filed more than twelve years after the agency's order of removal became final in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

2

The BIA did not err in declining to equitably toll the time to file based on Lu's allegations of ineffective assistance of counsel. In order to warrant equitable tolling, even assuming that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

Lu failed to demonstrate due diligence. He did not describe taking any action to pursue reopening based on the alleged ineffective assistance of his former counsel in the twelve years prior to being placed in immigration detention and hiring his current attorney to file a motion to reopen. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007). Lu faults the BIA for failing to identify when a reasonable person in his circumstances would have been expected to discover the ineffective assistance. However, Lu was aware of all of the issues underlying his ineffective assistance claim at the time of his 2001 hearing before the IJ and thus should have discovered

3

the ineffective assistance at some point prior to being taken into custody in 2015. *See Rashid*, 533 F.3d at 132-33 ("[E]ven if [the petitioner] did not immediately realize . . . that his counsel had been ineffective, due diligence required that he follow up with his attorney after the DHS decision, and if he received no response, to obtain new counsel, seek relief from the agency on his own, or take other affirmative action."); *see also Jian Hua Wang*, 508 F.3d at 715.

Accordingly, the BIA did not err in finding that Lu failed to demonstrate due diligence. *See Jian Hua Wang*, 508 F.3d at 715. That finding was dispositive of Lu's motion insofar as he sought reopening or equitable tolling based on ineffective assistance. *See Rashid*, 533 F.3d at 131.

The BIA also reasonably found that Lu failed to demonstrate a material change in the enforcement of the family planning policy in China since his 2001 hearing as required to excuse his motion from the time limitation based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify

4

reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").  As the BIA found, the U.S. Department of State reports demonstrate that the Chinese government has used economic incentives to enforce the family planning policy since the time of Lu's hearing with only isolated incidents of persecutory force reported.  *See Jian Hui Shao*, 546 F.3d at 159-66.  Therefore, the record does not compel the conclusion that conditions in China have materially changed.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 171.

Finally, Lu's purported eligibility to adjust status did not excuse the time limitation.  *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c); *In re Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board").  We lack jurisdiction to review the BIA's decision insofar as it declined to reopen sua sponte based on the pending visa petition.  *See Mahmood v.*

5

*Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

Accordingly, because Lu failed to establish any exception to the time limitation, the BIA did not abuse its discretion in denying his motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED, Lu's stay motion is DENIED as moot, and Lu's sanction motion is DENIED. The forbearance policy does not go into effect until a petitioner files a stay motion. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk